UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYLINE VISTA EQUITIES, LLC., <br><br>                              Plaintiff, <br> vs. <br> ARTHUR R. TOLENTINO; and MARIA TOLENTINO, <br><br>                              Defendants. | CASE NO. 12cv2871 WQH (JMA) <br><br> ORDER |

HAYES, Judge:

The matter before the Court is the Ex Parte Motion to Remand (ECF No. 4) filed by Plaintiff Skyline Vista Equities, LLC.

**BACKGROUND**

On August 31, 2012, Plaintiff initiated this action by filing a Complaint for Unlawful Detainer in the Superior Court of California for the County of San Diego. (ECF No. 1-3). The Complaint alleges that Plaintiff is entitled to possession of real property located at 771 Paradise Way, National City, California 91950. The Complaint alleges that Plaintiff served Defendants with written notice requiring them to vacate the property, and that Defendants have failed to do so. The Complaint alleges a single claim for unlawful detainer under California law.

On December 3, 2012, Defendants Arthur R. Tolentino and Maria Tolentino removed the action to this Court. (ECF No. 1). The Notice of Removal alleges that federal question jurisdiction exists because "portions of California Civil Code 117; 1179(a) violate the Equal Protection Clause of the United States and California constitutions...." and "Defendants ha[ve]

been deprived of a liberty interest protected under the due process clause...." (ECF No. 1 at 2-3). The Notice of Removal also alleges that "the amount in controversy requirement is satisfied" because the value of Defendants' property is "no less than $160,000.00." *Id.* at 2.

On December 7, 2012, Plaintiff filed the Ex Parte Motion to Remand. (ECF No. 4). On December 9, 2012, Defendants filed an opposition. (ECF No. 5). On January 7, 2013, Plaintiff filed a reply. (ECF No. 8).

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States...." 28 U.S.C. § 1441(a). A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

**DISCUSSION**

Plaintiff contends that this Court lacks subject-matter jurisdiction because there is no diversity in citizenship between the parties, the amount in controversy does not exceed $75,000.00, and there is no federal question asserted within the state court action. (ECF No. 4 at 1-2). Defendants contend this Court has federal question jurisdiction because Defendants have "raised federal questions and claims involving alleg[ed] constitutional violations." (ECF No. 5 at 2). Defendants contend that this Court has diversity jurisdiction because the amount in controversy exceeds $75,000.00 and "[t]his lawsuit involves two citizens from California and a corporation that buys and sells distressed real properties in Nevada and California...." *Id.*

**I.   Diversity of Citizenship**

"Subject matter jurisdiction based upon diversity of citizenship requires that no

defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.A. § 1332(c)(1). LLCs are citizens of the state where they were formed and of any state where a member or owner of the LLC is a citizen. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

In the Notice of Removal, Defendants state that they are residents of California, but fail to establish the citizenship of Plaintiff. (ECF No. 1). In the Motion to Remand, Plaintiff asserts that its principal place of business is in California, which Defendants do not dispute. (ECF No. 4-1 at 2). Defendants have failed to establish complete diversity of citizenship. *See Thompson v. McComb*, 99 F.3d 352, 353 (9th Cir. 1996) (upon removal, defendant bears the burden of establishing the "actual existence of subject matter jurisdiction.")

## II.     Federal Question

Absent diversity of citizenship, a federal court has subject matter jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted); *see also* 28 U.S.C. § 1331; *Beneficial National Bank v. Anderson*, 539 U.S. 1, 12 (2003) ("A federal question is presented when the complaint invokes federal law as the basis for relief.") (Scalia, J., dissenting) (citing *Caterpillar*, 482 U.S. at 392). The well pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. "Removability cannot be created by defendant pleading a counter-claim presenting a federal question...." *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (quotation and citations omitted).

Plaintiff's Complaint relies exclusively on state law and does not assert a federal question. To the extent Defendants contend that they have a defense to the unlawful detainer action grounded in federal law, "the existence of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183

(9th Cir. 2002) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10-12 (1983)).

The Court concludes that neither the Complaint nor the Notice of Removal adequately state a basis for this Court's original jurisdiction.

## CONCLUSION

IT IS HEREBY ORDERED that the Ex Parte Motion to Remand (ECF No. 4) filed by Plaintiff is GRANTED. Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED for lack of subject-matter jurisdiction to the Superior Court of California for the County of San Diego, where it was originally filed.

DATED: March 6, 2013

**WILLIAM Q. HAYES**
United States District Judge