# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYLINE VISTA EQUITIES, LLC., <br><br> Plaintiff, <br> vs. <br> ARTHUR R. TOLENTINO; and MARIA TOLENTINO, <br><br> Defendants. | CASE NO. 12cv2871 WQH (JMA) <br><br> ORDER |

HAYES, Judge:

The matter before the Court is the Ex Parte Application for Stay of the March 6, 2013 Order of Remand Pending Appeal ("Application for Stay") (ECF No. 14) filed by Defendants Arthur Tolentino and Maria Tolentino.

**BACKGROUND**

On August 31, 2012, Plaintiff initiated this action by filing a Complaint for Unlawful Detainer in the Superior Court of California for the County of San Diego. (ECF No. 1-3). The Complaint alleged a single claim for unlawful detainer under California law. On December 3, 2012, Defendants removed the action to this Court. (ECF No. 1).

On December 7, 2012, Plaintiff filed the Ex Parte Motion to Remand (ECF No. 4), which the Court granted on March 6, 2013. (ECF No. 9). The Court remanded the action for lack of subject-matter jurisdiction because neither the Complaint nor the Notice of Removal adequately stated a federal question or demonstrated complete diversity of citizenship.

On March 18, 2013, Defendants filed a Notice of Appeal to the Court of Appeals for

1 the Ninth Circuit from the Court's March 6, 2013 Order. (ECF No. 11). The Ninth Circuit
2 assigned a case number to Defendants' appeal and issued a scheduling order. (ECF Nos. 12,
3 13).

4 On March 19, 2013, Defendants filed the Application for Stay, seeking "an order to re-
5 open this case for the limited purpose of staying the effect of its Order of Remand of March
6 6, 2013 and for an order staying the Order of Remand entered on March 7, 2013 until the Ninth
7 Circuit Court of Appeals issues its decision on Defendant's appeal of that order, which is
8 pending before the Ninth Circuit as Case No. 13-55459." (ECF No. 14 at 1). On March 21,
9 2013, Plaintiff filed an opposition. (ECF No. 18). On March 25, 2013, Defendants filed a
10 reply. (ECF No. 20).

**DISCUSSION**

12 Defendants contend that the Court should stay the Order of remand on the grounds that
13 the appeal has a high likelihood of success. Defendants assert: "The Ninth Circuit's grant of
14 permission to appeal constitutes a tacit acknowledgment of the merit of Defendants' appeal."
15 (ECF No. 14 at 2). Defendants assert that the Court has federal question jurisdiction because
16 "Plaintiff's Complaint ... includes collection activities pursuant to the Fair Debt Collection
17 Practices Act." *Id.* at 2. Defendants contend that they will suffer harm if they are forced to
18 litigate this case in state court while the appeal is pending, and contend that Plaintiffs will
19 suffer no harm if a stay is granted. *Id.* at 3.

20 Plaintiff contends that the Court was correct in remanding the case to state court for a
21 lack of subject-matter jurisdiction. Plaintiff contends that "[t]he fact that the [Ninth] Circuit
22 Court of Appeals accepted their Notice of Appeal does not provide an adequate basis for this
23 Court to issue a stay of its Order of Remand." (ECF No. 18 at 6).

24 Pursuant to 28 U.S.C. § 1447(d), "an order remanding a case to the State court from
25 which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d); *see*
26 *also Kircher v. Putnam Funds Trust,* 547 U.S. 633, 647 (2006) (explaining that orders of a
27 district court remanding a case to a state court are subject to "a general rule of
28 nonappealability"); C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure:*

*Jurisdiction 2d* § 3740 at 515 (3d ed.1998) (citing *Irving Subway Grating Co. v. Silverman*, 117 F. Supp. 671 (D.C.N.Y. 1953) ("Inasmuch as the defendants have no right of appeal from the order of remand, as stated in Title 28 U.S.C.A. § 1447, this Court should not entertain such application for a stay."). In *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976), the Supreme Court explained:

> [T]he limitation found in § 1447(d) has remained substantially unchanged since its enactment in 1887, and this Court has consistently ruled that the provision prohibits any form of review of remand orders. Congress purpose in barring review of all remand orders has always been very clear to prevent the additional delay which a removing party may achieve by seeking appellate reconsideration of an order of remand. The removal jurisdiction extended by Congress works a significant interference in the conduct of litigation commenced in state court. While Congress felt that making available a federal forum in appropriate instances justifies some such interruption and delay, it obviously thought it equally important that when removal to a federal court is not warranted the case should be returned to the state court as expeditiously as possible. If this balanced concern is disregarded, federal removal provisions may become a device affording litigants a means of substantially delaying justice.

*Thermtron Products, Inc.*, 423 U.S. at 354-55. Section 1447(d) applies when remand is based upon the factors described in § 1447(c), specifically a "defect" in the removal process or a lack of subject-matter jurisdiction. *Things Remembered Inc. v. Petrarca,* 516 U.S. 124, 127-128 (1995).

In this case, on March 6, 2013, the Court remanded the action to state court based upon a lack of subject-matter jurisdiction. Accordingly, the Order "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

## CONCLUSION

IT IS HEREBY ORDERED that the Application for Stay (ECF No. 11) is DENIED.

DATED: March 29, 2013

**WILLIAM Q. HAYES**
United States District Judge